RALEIGH BUILDING CORPORATION v. MARY HARDY COOPER; A. L. PURRINGTON, JR., Trustee; SECURITY NATIONAL BANK, Trustee Under an Insurance Trust of JOHN C. DREWRY, Deceased; and MARY HARDY COOPER, Executrix Under the Will of JOHN C. DREWRY, Deceased.

(Filed 11 November, 1942.)

**Corporations § 14—**

Failure of a corporation, within a reasonable time (here over ten years), to show compliance with a condition precedent to a subscription to its capital stock, makes the subscription unenforceable; and payments by the subscriber, without knowledge of the failure, do not constitute a waiver.

Appeal by plaintiff from *Carr, J.,* at March Term, 1942, of Wake.

Civil action to recover upon conditional stock subscription and to sell land to make assets to pay balance on such stock subscription.

In trial court judgment as of nonsuit was entered at close of evidence for plaintiff.

Plaintiff appeals to Supreme Court, and assigns error.

*Paul F. Smith for plaintiff, appellant.*

*J. P. & J. H. Zollicoffer for defendant Cooper, appellee.*

*Ehringhaus & Ehringhaus for defendants Security National Bank and A. L. Purrington, Jr., Trustee, appellees.*

PER CURIAM. This action, as regards recovery on conditional stock subscription made by John C. Drewry, upon which action is predicated, does not materially differ from the case *Raleigh Building Corporation v. Rodgers,* decided at the Spring Term, 1942, of this Court, 221 N. C., 204, 19 S. E. (2d), 625. The number of shares to be subscribed, upon which each subscription was conditioned, had not been subscribed when the corporation was organized in April, 1931. Twenty-four shares were lacking, and these twenty-four shares were not subscribed until September, 1941, more than ten years after the corporation was organized, and after the Rodgers suit was instituted, and in the month preceding the institution of the present action. While Rodgers made only 6 payments, Drewry made 23, but made none after 15 February, 1933. Drewry died on 12 September, 1937, and, on 9 September, 1941, after his estate had been settled, his widow, who was executrix under his will, and who is now Mary Hardy Cooper, defendant in this action, made a payment. However, it is not contended that the records show that at that time the required number of shares had been subscribed. Furthermore, speaking of difference in the two cases, appellant in brief filed here admits that "neither had knowledge of the fact that the total subscription of stock was less than the specified number of shares."

In the light of these facts plaintiff has failed to show a compliance with condition precedent, within a reasonable time. Moreover, plaintiff neither alleges nor shows a waiver of the condition. Hence, the same conclusion must be reached here as in the *Rodgers case, supra,* where judgment of nonsuit is affirmed. A denial of the prayer for sale of land to make assets to pay debts necessarily follows.

Affirmed.